IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FELD CHEVROLET CO. )
)
Plaintiff, )
)
v. ) Cause No. 4:07-cv-01170-FRB
)
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
)
Defendant. PLAINTIFF DEMANDS TRIAL BY JURY

**FIRST AMENDED COMPLAINT FOR BREACH OF INSURANCE POLICY**

COMES NOW Plaintiff Feld Chevrolet Co. (hereinafter "Feld") and, for its cause of action against Defendant, Universal Underwriters Insurance Company (hereinafter "Universal") states and alleges as follows:

1. That Plaintiff Feld is a Missouri corporation doing business as an automobile dealership in St. Louis County, Missouri.

2. That Defendant Universal is an insurance company domiciled in the State of Kansas and authorized to issue policies of insurance in the state of Missouri.

3. That Defendant Universal issued to Feld its Policy No. 200376 (hereinafter "Policy") containing *inter alia* Unicover Coverage Part 380 entitled "Crime," and endorsements thereto, including Endorsement 320, which were in full force and effect at all times mentioned herein and which provided coverage for Employee Dishonesty with limits of $500,000.00. (A true and accurate copy of the Policy and endorsements is attached to Defendant's Answer and Counterclaim as Exhibit 1 and incorporated herein by reference)

4. That under the terms of the Policy and Endorsement 320, in consideration of the payment of premiums by Feld, Universal agreed as follows:

"WE will pay for LOSS resulting from THEFT or FORGERY committed by an EMPLOYEE, whether identified or not." (See Universal's Exhibit 1)

5. That "THEFT" is defined in Endorsement 320 as "the unlawful taking of MONEY, SECURITIES, or OTHER PROPERTY to the deprivation of the INSURED."

6. That Endorsement 320 to the Policy also contains the following condition:

> Claims Expense – WE will pay for reasonable expenses incurred by YOU in order to determine the amount of covered employee dishonest LOSS payable under this policy. WE will only reimburse YOU for such expenses provided the covered LOSS exceeds the applicable deductible independent of such expenses…The most WE will pay under this condition is 20% of the employee dishonesty limit shown in the declarations, subject to a maximum of $10,000.

7. That Feld regularly paid the premiums accruing under the Policy and at all times complied with any and all conditions therein contained.

8. That from on or about June 1, 2004 through and until December 14, 2005, while the Policy remained in full force and effect, Feld sustained losses of money and funds, as a direct and proximate result of the fraud, dishonesty and theft of one of Feld's employees, Bruce Belanger.

9. That Belanger's employment was terminated on or about December 14, 2005.

10. That the fraud, dishonesty and theft of Belanger was discovered by Feld on or about December 16, 2005.

11. That thereafter, Feld notified Universal of the loss, made demand on Universal to provide coverage for the loss and completed and forwarded a Detailed Statement of Claim, setting forth the name and position of the defrauding employee, and an itemization of losses sustained from June 2004 through December 2005.

12. That during Belanger's employment, Belanger utilized Feld's credit card for personal expenses; made non-authorized charges; claimed false and fraudulent travel and entertainment charges for which he was reimbursed; obtained cash reimbursements for expenses

charged on Feld's credit cards, permitted his wife to make charges on Feld's credit card accounts; and paid numerous personal expenses with Feld's funds.

13. That Feld has provided its employees and officers for Examinations Under Oath as requested by Universal and has generally complied with each and every term and condition contained in the Policy in order to perfect its rights and be indemnified for its loss.

14. That Universal thereupon became liable to pay to Feld the minimum amount of $291,564.00 less its $2500 deductible pursuant to the terms of the Universal Policy.

15. That Universal rejected Feld's Proof of Loss and denied the claim as presented.

16. That Universal's rejection and refusal to pay Feld's claim constitutes a breach of the Policy and Feld has thereby been damaged in the minimum amount of $291,564.00

17. That Feld has incurred reasonable expenses in the amount of $10,000, in determining the amount of covered employee dishonesty loss payable under the Policy, to which it is entitled to recover under the Policy.

18. That Feld has been damaged in that it has had to engage an attorney and pay attorneys fees.

19. That Universal's denial was vexatious and in bad faith in that its denial and refusal to pay Feld's claim was without reasonable cause or excuse, thereby entitling Feld to the penalties set forth in Section 375.420 R.S.Mo., including damages of 20% of the first $1500 and 10% of the amount of the loss in excess of $1500 plus reasonable attorneys fees.

WHEREFORE, Plaintiff Feld Chevrolet Co. prays for judgment against Defendant Universal Underwriters Insurance Company in the minimum amount of $291,564.00, plus $10,000 claims expense, prejudgment interest, penalties for vexatious refusal to pay, and reasonable attorneys fees and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Lori R. Koch_________

LORI R. KOCH #3584
DON SHERMAN #21491
Goffstein, Raskas, Pomerantz,
Kraus & Sherman, L.L.C.
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax: (314) 721-7765
E-mail: lkoch@grlawstl.com
*Attorneys for Plaintiff*
*Feld Chevrolet Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of January, 2008, the foregoing First Amended Complaint for Breach of Insurance Policy was electronically filed with the Clerk of Court using the CM/ECF system to be served electronically by operation of the Court's electronic filing system on the following:

Brian E. McGovern
bmcgovern@mlklaw.com

and

Bryan M. Kaemmerer
bkaemmerer@mlklaw.com

*Attorneys for Defendant*
*Universal Underwriters Insurance Company*

/s/Lori R. Koch________