IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FELD CHEVROLET, CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:07-cv-01170-FRB |
| | ) |
| UNIVERSAL UNDERWRITERS | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Universal Underwriters Insurance Company, by and through its undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint in the above-captioned matter, states as follows:

1. Defendant Universal is without knowledge and information sufficient to form a belief as to the truth of the allegations contained within Paragraph Number 1 of Plaintiff's First Amended Complaint and therefore, denies same.

2. Defendant Universal admits that it is an insurance company domiciled in the State of Kansas and authorized to issue policies of insurance in the State of Missouri.

3. Defendant Universal admits that it issued Policy No. 200376 (the "Policy") which included coverage under Unicover Coverage Part 380, but denies the remainder of the allegations contained within Paragraph Number 3 of Plaintiff's First Amended Complaint as the Policy is the best evidence of its contents.

4. Defendant Universal denies each and every allegation contained within Paragraph Number 4 of Plaintiff's First Amended Complaint and further states that Paragraph Number 4 calls for a legal conclusion and that the Policy is the best evidence of its contents.

5. Defendant Universal denies each and every allegation contained within Paragraph Number 5 of Plaintiff's First Amended Complaint and further states that Paragraph Number 5 calls for a legal conclusion and that the Policy is the best evidence of its contents.

6. Defendant Universal denies each and every allegation contained within Paragraph Number 6 of Plaintiff's First Amended Complaint and further states that Paragraph Number 6 calls for a legal conclusion, improperly quotes the Policy provisions, and that the Policy is the best evidence of its contents.

7. Defendant Universal admits that Plaintiff paid all premiums due under the Policy, but denies the remainder of the allegations contained within Paragraph Number 7 of Plaintiff's First Amended Complaint because they call for a legal conclusion.

8. Defendant Universal denies each and every allegation contained within Paragraph Number 8 of Plaintiff's First Amended Complaint.

9. Defendant Universal is without knowledge and information sufficient to form a belief as to the truth of the allegations contained within Paragraph Number 9 of Plaintiff's First Amended Complaint and therefore, denies same.

10. Defendant Universal denies each and every allegation contained within Paragraph Number 10 of Plaintiff's First Amended Complaint.

11. Defendant Universal admits that Plaintiff notified it of a loss and forwarded a Detailed Statement of Claim form, but denies each and every remaining allegation contained within Paragraph Number 11 of Plaintiff's First Amended Complaint.

12. Defendant Universal denies each and every allegation contained within Paragraph Number 12 of Plaintiff's First Amended Complaint.

13. Defendant Universal admits that Plaintiff provided certain of its employees for Examinations Under Oath, but denies the remainder of the allegations contained within

Paragraph Number 13 of Plaintiff's First Amended Complaint because they call for a legal conclusion.

14. Defendant Universal denies each and every allegation contained within Paragraph Number 14 of Plaintiff's First Amended Complaint.

15. Defendant Universal admits that it denied Plaintiff's claim against the Policy.

16. Defendant Universal denies each and every allegation contained within Paragraph Number 16 of Plaintiff's First Amended Complaint, and further states that the allegations call for a legal conclusion.

17. Defendant Universal is without knowledge and information sufficient to form a belief as to the truth of the allegations contained within Paragraph Number 17 of Plaintiff's First Amended Complaint and therefore, denies same.

18. Defendant Universal denies each and every allegation contained within Paragraph Number 18 of Plaintiff's First Amended Complaint, and further states that the allegations call for a legal conclusion.

19. Defendant Universal denies each and every allegation contained within Paragraph Number 19 of Plaintiff's First Amended Complaint, and further states that the allegations call for a legal conclusion.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff's purported damages are not within the scope of the insuring agreement and also fall within exclusionary clauses in the Policy. Specifically, Plaintiff's purported damages are not the result of theft or forgery and constitute awards and employee benefits earned in the normal course of employment. Additionally, the Policy does not apply to losses that occurred due to acts by Bruce Belanger subsequent to September 30, 2004 because the Policy was cancelled as to him on said date. In this regard, Jeanne Wolfson possessed knowledge of

fraudulent or dishonest acts committed by Bruce Belanger prior to September 30, 2004. The losses that Plaintiff purportedly suffered that occurred prior to September 30, 2004 fall below the deductible on the Policy. Additionally, Plaintiff seeks indemnity for a cumulative loss of $8,595.81 regarding the purchase of two vehicles that it purchased from Mr. Belanger and ultimately resold. These transactions constitute an exchange or purchase and are expressly excluded from coverage.

WHEREFORE, having fully answered the allegations contained within Plaintiff's First Amended Complaint, Defendant prays for judgment in its favor, for costs assessed against Plaintiff, and that the Court grant such other and further relief as it deems equitable and appropriate under the circumstances.

McCARTHY, LEONARD, KAEMMERER, OWEN,
McGOVERN, STRILER & MENGHINI, L.C.

BY: /s/ Bryan M. Kaemmerer
Brian E. McGovern, #3804
Bryan M. Kaemmerer, #498692
400 South Woods Mill Road, Suite 250
Chesterfield, MO 63017
(314) 392-5200
(314) 392-5221 (Fax)

Attorneys for Defendant Universal

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of February 2008, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following:

Don R. Sherman, Esq.
Lori K. Koch, Esq.
Goffstein, Raskas, Pomerantz, Kraus & Sherman, L.L.C.
7701 Clayton Road
St. Louis, MO 63117-1371

/s/ Bryan M. Kaemmerer